HASLEM, Appellant,

v.

HASLEM, Appellee.

[Cite as *Haslem v. Haslem* (1999), 133 Ohio App.3d 257.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73942.

Decided March 22, 1999.

*Robert E. Sweeney Company* and *Thomas J. Roche,* for appellant.

*James P. Reddy, Jr.,* for appellee.

---

KILBANE, Judge.

Appellant, Brigid Roche Haslem, appeals the property division of Judge Timothy Flanagan's judgment entry granting her a divorce from appellee, Terrence Haslem. She contends that there is error in the calculation of her interest in the marital home, the declaration of the husband's business as separate property, and the failure to grant her a distributive award for Mr. Haslem's financial misconduct. For the reasons that follow, we affirm the judgment in part and reverse it in part, and remand for further proceedings.

The Haslems were married from March 19, 1983, to May 24, 1995, the first day of their divorce hearing before Magistrate Ann Weatherhead. No children were born of the marriage. Mr. Haslem owned and operated an office supply business from his home. During the marriage, Mrs. Haslem, who is hearing-impaired and was not employed outside the home, did light bookkeeping for the business.

After the hearing, the magistrate issued a decision on March 21, 1996. Objections were filed by both parties. Judge Flanagan sustained some objections and again referred the cause to determine value of the marital home and to divide that portion of the appreciation in value in accordance with *Sauer v. Sauer* (May 30, 1996), Cuyahoga App. No. 68925, unreported, 1996 WL 284873.

The magistrate issued an amended decision on November 4, 1997, to which Mrs. Haslem filed objections. The judge entered a judgment on January 16, 1998, which granted Mrs. Haslem a divorce, divided the marital property, made further orders regarding spousal support, and made a finding of contempt of court on the part of Mr. Haslem for violation of a court order.

## I

Mrs. Haslem's first assignment of error reads:

"I. The trial court erred to the prejudice of the plaintiff-appellant and abused its discretion in declaring that the real property located at 10401 Barr Road, Brecksville, Ohio is the separate property of the defendant-appellee subject only to a judgment in favor of the plaintiff-appellant in the amount of $8,500.00, representing her one-half interest in the marital portion of said real estate as calculated pursuant to *Sauer v. Sauer* (Cuyahoga Cty. App. 8th Dist. May 30, 1996), No. 68925, unreported, 1996 WL 284873 in the stipulation and agreement of the parties filed July 8, 1997."

She argues that even though the home was purchased by Mr. Haslem prior to the marriage, the home was either converted to marital property and thus subject to division as such or that her share of the value of the home should be equitably increased because of Mr. Haslem's financial misconduct.

The parties stipulated to the value of the home prior to the marriage, the value at the time of the divorce, and the separate and marital contributions toward the home. The magistrate found that the appreciation in the value of the home was not due to any extraordinary effort by either spouse, but was the result only of financial contributions and normal maintenance.

The formula adopted by the court in *Sauer, supra,* was properly applied to ascertain the parties' share of the marital portion of the value of the home. As there was a stipulation on values of the home and contributions used to apply the *Sauer* formula, the court did not abuse its discretion by applying the formula and awarding each party $8,500 as a division of the marital portion of the property.

Mrs. Haslem's first assignment of error is overruled. As we reverse the trial court's judgment entry in Part II, we need not consider appellant's argument that she is entitled to *a* greater portion of the value of the home due to Mr. Haslem's financial misconduct.

## II

Mrs. Haslem's second and third assignments of error read:

"II. The trial court erred to the prejudice of the plaintiff-appellant and abused its discretion in decreeing that the business known at [*sic* ] Terry Haslem Stationers is the separate property of the defendant-appellee.

"III. The trial court erred as a matter of law in failing to comply with the Ohio Revised Code Section 3105.171 and relevant case law when presented with uncontroverted evidence of financial misconduct on the party [*sic* ] of the defen-

dant-appellee. The decision was against the manifest-weight-of [*sic*] the evidence and constitutes an abuse of discretion."

■ Prior to the marriage, Mr. Haslem owned and operated Terry Haslem Stationers. The magistrate found that the value of the business at the time of the divorce was $59,175. In her decision, the magistrate noted that the initial value of the business could not be exactly determined, as none of the business records from 1983 were retained. She therefore utilized a pension-evaluation method, the coverture method, to calculate the marital share of the increase of the business, finding it to be $41,777.55. The magistrate also noted that this calculation, although not perfect, was a fair valuation because of Mr. Haslem's financial misconduct.

The magistrate noted that Mr. Haslem had systematically siphoned $56,242.50 in cash from the business. The money was then converted to gold and allegedly given to a friend to be used to purchase real estate in Serbia. In addition to using all the cash assets of his business in one year, in another year he personally cashed at least $15,992.60 in checks from vendors that were not recorded in the corporate business records or tax returns. Mr. Haslem was found to be in contempt of court for his financial misconduct during the divorce proceedings. Although the magistrate awarded Mrs. Haslem an interest in the business, the judge sustained Mr. Haslem's objection and found the business to be separate property not subject to division because Mrs. Haslem did not significantly contribute to its appreciation.

We find that the increase in value of Mr. Haslem's business is marital property subject to division. In *Middendorf v. Middendorf* (1998), 82 Ohio St.3d 397, 696 N.E.2d 575, the syllabus reads:

"Under R.C. 3105.171, an increase in the value of separate property due to either spouse's efforts is marital property."

We reverse the court's determination that the business was separate property.

■ On the third assignment of error, we find that the record of the proceedings indicates that Mr. Haslem engaged in financial misconduct. R.C. 3105.171(E)(3) reads:

"If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

Because the magistrate found that Mr. Haslem engaged in the dissipation and concealment of marital property, a distributive award of his separate assets or a greater award of marital property to Mrs. Haslem is warranted in this case.

For these reasons, we sustain Mrs. Haslem's second and third assignments of error. We remand this cause for the court to determine the marital portion of Mr. Haslem's business and to fashion an equitable award of property to Mrs. Haslem that reflects her share of the marital portion of the business and an equitable share of unreported income. On remand, the trial court should take note that Mr. Haslem attempted to conceal at least $72,235.10 ($56,242.50 taken in cash from his business plus $15,992.60 in unrecorded income) as assets from his wife and the court.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SPELLACY, P.J., and MICHAEL J. CORRIGAN, J., concur in judgment only.